IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 1:23-cr-053 |
| v. | ) |
| | ) GOVERNMENT'S SENTENCING |
| REY ANTONIO MOTON, | ) MEMORANDUM |
| | ) |
| Defendant. | ) |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on March 14, 2024, following defendant's plea of guilty to Count 1 of the Indictment, Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 84-105 months' imprisonment, based upon a Total Offense Level of 25, and a Criminal History Category of IV. (PSR ¶ 101.)

I. Advisory Guideline Calculation

The PSR calculated a base offense level of 20 pursuant to USSG §2B3.1(a). (PSR ¶ 26.) A 5-level enhancement for possessing or brandishing a firearm. (PSR § 2B3.1(b)(2)(C). (PSR ¶ 27.) A 4-level enhancement was also added for engaging in another felony in accordance with USSG §2K2.1(b)(6)(B). (PSR ¶ 19.) The draft PSR included a reduction for accepted responsibility decreasing the offense level by 3 pursuant to USSG §3E1.1(a), (b), however the defendant was charged in Iowa state court for harassment while incarcerated pending sentencing. (PSR ¶ 54a.) The final

1

PSR does not include any reduction for acceptance of responsibility. (PSR ¶ ¶ 33, 34.) The government will not recommend any acceptance reduction to the Court based on this incident. (see proposed Government Exhibit 3.)

The defendant objected to several paragraphs of the draft PSR, 8,11, 13, 26, and 27, all related to the underlying robbery allegation. (R. Doc. 27.) The government and defendant have an agreed upon proposal as to the offense level and guideline calculation. The parties agree that the cross-reference as to the burglary applies pursuant to § 2B2.1(a)(1) which is a base level 17. The parties agree that a one-level enhancement for a controlled substance being taken applies in accordance with § 2B2.1(b)(3). A two-level enhancement for possessing a dangerous weapon applies consistent with 2B2.1(b)(4). This proposal calculates to a total offense level of 20 for an advisory guideline range of 51-63 months' imprisonment. (See proposed Government Exhibits 1 and 2.)

If the Court accepts the above proposed agreement by the parties, the Court will not need to rule on the application of the cross-reference for robbery and other filed objections in calculating the total offense level and guideline range. The sole issue will be the appropriate sentence to be imposed.

II.   Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed;
>> (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and

> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> (3) the kinds of sentences available;
> (4) the sentencing range from the guidelines;
> (5) any pertinent policy statements by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)). "A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all of the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however. In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The first factor the court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant's actions were dangerous to himself and other people, including several teenagers. Leslie Caniglia, the defendant's girlfriend at the time, purchased the firearm on August 12, 2023, after both she and the defendant looked at firearms in McCunn's store and selected the Ruger LCP II handgun. Six days later, the defendant was in possession of that firearm, carried it on his body, and was involved in a confrontation with T.G., inside T.G.'s home. The defendant then went to another home belonging to Nicole

3

Anaya and hid the firearm, where additional teenagers resided. The defendant is heard talking to Caniglia on the officer's body camera and told Caniglia that he was at Nicole's house. Caniglia then drove to Nicole's house while the investigation was occurring. The defendant was well aware of the house he went to after they left T.G.'s home and his actions were planned. The defendant was charged in state court with several charges related to this incident and ultimately pled guilty to burglary third degree with sentencing set for March 18, 2024. (PSR ¶ 53.)

The defendant's criminal history started at the age of sixteen with theft and resisting law enforcement. (PSR ¶ 37.) At age seventeen he was adjudicated in juvenile court of burglary, criminal mischief, and resisting law enforcement. (PSR ¶ 38.) In 2019, the defendant was also adjudicated guilty on a burglary and theft and sentenced to probation but violated probation on three different times. (PSR ¶ 40.) In 2019, the defendant was again convicted of resisting an officer. (PSR ¶ 39.) In 2019, the defendant was again convicted of theft and sentenced to 60 days imprisonment and leaving the scene of an accident. (PSR ¶ 42.) In 2022, the defendant was convicted of leaving the scene of a crash with injury and other traffic related offenses and sentenced to 23 months imprisonment. (PSR ¶ 43.) His sentence was discharged on March 1, 2023, five months before this incident. *Id.* The defendant also was convicted of reckless driving in 2023. (PSR ¶ 44.)

While incarcerated the defendant apparently married Leslie Caniglia. On February 10, 2024, the defendant was charged with harassment 1st degree for text messages he sent to her. (PSR ¶ 54a.)

Deterrence and respect for the law are important factors for the Court's consideration. The defendant has not been deterred from criminal behavior, in fact, his crimes are similar, repetitive, and dangerous.

The defendant does not report any significant childhood traumas his needs were met. (PSR ¶ 57.) The defendant admitted to hanging with the wrong crowd after his parents divorced. *Id*. The defendant did report substance use starting as a teenager and has never completed any treatment. (PSR ¶ 21.) The defendant does have periods of employment when he is not incarcerated so a school or trade may be beneficial for him once released from prison. *Id*.

The defendant's crimes endanger and victimize members of the community. Burglaries, disobedience to law enforcement, reckless driving, and possessing firearms are dangerous to the community as well as the defendant. A sentence at the high end of the guideline range is warranted to protect the community from the defendant's ongoing, dangerous behavior, reduce the disparity in sentences by repeat offenders with similar criminal histories and promote respect for the law.

    Respectfully Submitted,

    Richard D. Westphal
    United States Attorney


By: */s/Shelly Sudmann*
    Shelly Sudmann
    Assistant United States Attorney
    2146 27th Avenue, Suite 400
    Council Bluffs, IA 51501
    Tele: (712) 256-5009
    Email: shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_\_U.S. Mail   \_\_\_\_ Fax   \_\_\_\_Hand Delivery

\_\_X\_\_ECF/Electronic filing   \_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/JLR*_____
    Paralegal Specialist